IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CPR RESTORATION & CLEANING SERVICES, LLC, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 09-657 |
| | : | |
| CHRISTINE FEDOROWYCZ and STATE FARM FIRE AND CASUALTY COMPANY, | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM**

Jones, J.                                                                                           April 14, 2009

**Procedural History**

On October 15, 2008, Plaintiff CPR Restoration & Cleaning Services, LLC, ("CPR") filed suit in the Philadelphia County Court of Common Pleas against Defendants Christine Fedorowycz ("Fedorowycz") and State Farm Fire and Casualty Company ("State Farm"). (State Farm's Notice of Removal 1; id., Ex. A., Complaint.) In its Complaint, CPR claims breach of contract by both Defendants and seeks an amount in excess of $112,394.24. (See, e.g., Compl. ¶ 11.) According to the Complaint, CPR and Ms. Fedorowycz were citizens of Pennsylvania and State Farm was a citizens of Illinois. (Compl. ¶¶ 1-3.)

CPR served State Farm with the Complaint on October 22, 2008. (CPR's Mot. to Remand ¶ 2; id., Ex. A, Affidavit of Service upon State Farm.) CPR served Ms. Fedorowycz with the Complaint on October 29, 2008. (Id., Ex. C, Affidavit of Service upon Christine Fedorowycz and Certified Mail Receipt.) Ms. Fedorowycz was served via United States mail at

an address in Cinnaminson, New Jersey.  (Id.)  On November 4, 2008, CPR filed an Affidavit of Non-Service with respect to Ms. Fedorowycz with the Court of Common Pleas.  The affidavit states that Ms. Fedorowycz could not be served at the Philadelphia, Pennsylvania, address that was listed on the Complaint, and that a resident at said address reported that Ms. Fedorowycz lived somewhere in New Jersey.  (CPR's Mot. to Remand, Ex. D, Affidavit of Non-Service.)

According to the Notice of Removal, State Farm sent Requests for Admission regarding Ms. Fedorowycz's residency to Richard A. Stoloff, Esquire, counsel for Ms. Fedorowycz, on December 19, 2008.  (See Notice of Removal, Ex. B, Requests for Admission.)  The Requests for Admission included various statements that Ms. Fedorowycz currently resides in Cinnaminson, New Jersey, not in Pennsylvania.  (Id.)  According to State Farm's Notice of Removal, these Requests for Admission went unanswered for over thirty days and thus were deemed admitted per the Pennsylvania Rules of Civil Procedure.  (Notice of Removal ¶ 5; State Farm's Response to CPR's Mot to Remand ¶ 5 ("the New Jersey residence of Defendant C. Fedorowycz was deemed admitted as of January 20, 2009."))  See Pa. R. Civ. P. 4014(b).

On December 22, 2008, State Farm filed a Joinder Complaint against Mr. Jerry Fedorowycz.  (See CPR's Mot. to Remand ¶ 6.)

State Farm filed its Notice of Removal to federal court on February 17, 2009.  On February 19, 2009, Ms. Fedorowycz filed an Answer to the Complaint.[1]  CPR filed the instant Motion to Remand on February 23, 2009, and State Farm filed a response in opposition thereto on March 6, 2009.

---

[1] Although the docket for this case incorrectly states that the February 19, 2009, Answer was filed on behalf of both Christine and Jerry Fedorowycz, the pleading itself was filed only by Ms. Christine Fedorowycz, through her attorney, Richard A. Stoloff, Esquire.

**Discussion**

The following statute governs the timing for removal:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title [28 USCS § 1332] more than 1 year after commencement of the action.

28 U.S.C. §§ 1446(b).

CPR seeks to remand this matter to the Philadelphia County Court of Common Pleas based on its claim that State Farm did not remove the matter to federal court in a timely manner. CPR points out that State Farm filed its Notice of Removal 111 days after being served with the initial Complaint. (CPR's Mot. to Remand ¶ 8.) However, on the face of the initial Complaint, Ms. Fedorowycz was said to be a citizen of Pennsylvania, thereby making the case not removable at its inception because the Complaint did not allege diversity of citizenship.[2] Therefore, the second paragraph of Section 1446(b) applies to this case. Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 220 (3d Cir. 2005) (" The second paragraph [of Section 1446(b)] applies only if the

---

[2] It is undisputed that CPR's case satisfies the amount in controversy requirement for diversity jurisdiction. See 28 U.S.C. § 1332(a).

initial pleading does not set forth the grounds for removal."). As per the removal statute, State Farm has thirty days in which to file a notice of removal after its receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

Although the Third Circuit Court of Appeals has not decided what constitutes "other paper" under Section 1446(b), this judicial district has interpreted the term broadly. See, e.g., Efford v. Milam, 368 F.Supp.2d 380, 385 (E.D. Pa. 2005) ("It is because of the weight of authority giving 'other paper' a broad reading that I conclude that correspondence such as the April 13, 2004 letter is within the purview of that term."); Broderick v. Dellasandro, 859 F.Supp. 176, 178-80 (E.D. Pa. 1994) (surveying other courts' interpretation of "other paper" and concluding that "the purpose of the statute is to commence the running of the thirty day period once the defendant receives actual notice that the case has become removable, which may be communicated in a formal or informal manner") (internal quotation and citation omitted). The Court finds that Ms. Fedorowycz's New Jersey residency, deemed admitted on January 20, 2009, due to Ms. Fedorowycz's failure to respond to State Farm's Requests for Admission within 30 days, as per Pennsylvania Civil Rules of Procedure, falls within the purview of "other paper" from which State Farm could ascertain that the case had become removable. Nonetheless, the second paragraph of Section 1446(b) requires the thirty-day removal period to begin when a defendant may <u>first</u> ascertain that the case has become removable. 28 U.S.C. § 1446(b). CPR contends that State Farm knew of Ms. Fedorowycz's New Jersey residency on March 22, 2008 – the effective date of the Fedorowyczs' State Farm apartment insurance policy. State Farm attached the Declaration Page of that insurance policy to its Joinder Complaint, filed on

December 22, 2008.  (CPR's Mot. to Remand ¶ 7; id., Ex. E, State Farm Fire and Casualty Company Apartment Insurance Declarations Page, Effective March 22, 2008.)  State Farm denies that the Declaration Page is determinative of Ms. Fedorowycz's residency or state of domicile.  (State Farm's Response to CPR's Mot to Remand ¶ 7.)

It is a well-established rule that diversity of citizenship is assessed at the time an action is filed.  Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991).  The Fedorowyczs' Declarations Page pertained to the couple's residency a full seven months before the filing of CPR's Complaint on October 22, 2008.  The Complaint explicitly alleged that Ms. Fedorowycz was a Pennsylvania resident.  Therefore, the Court finds that State Farm's receipt of the Declaration Page in May 2008 does not provide State Farm with a basis for belief that Ms. Fedorowycz was a Pennsylvania citizen on October 22, 2008, and did not trigger the thirty-day period set forth in the second paragraph of Section 1446(b).

State Farm has demonstrated that the elements of diversity jurisdiction are satisfied and that it removed this action within thirty days of the date on which it first ascertained that Ms. Fedorowycz was not a citizen of Pennsylvania.  CPR's Motion to Remand is denied.

The Court has observes that State Farm did not attach its Joinder Complaint to its Notice of Removal.  State Farm only attached the original Complaint, whose caption does not match the caption on the Notice of Removal.  It is also unclear to the Court whether State Farm served its Notice of Removal upon Jerry Fedorowycz.  In light of these observations, State Farm is granted ten days in which to file a Motion and a Memorandum of Law as to whether it seeks to remove to this Court the Joinder Complaint against Jerry Fedorowycz and whether such a removal is procedurally valid.  Any party may file a response within the time frames set forth in the accompanying Order.